**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

```
-----------------------------------------------------X
DORIEN ANDREWS II and CONNER      :
CRISCO, Individually and On Behalf of All :
Others Similarly Situated,                :        Civil Action No.
                                          :
                    Plaintiffs,           :
                                          :
        -against-                         :
                                          :
BOJANGLES OPCO, LLC and                   :
BOJANGLES RESTAURANTS, INC.,              :
                                          :
                    Defendants.           :
-----------------------------------------------------X
```

## COLLECTIVE ACTION COMPLAINT

Dorien Andrews II and Conner Crisco (collectively, "Plaintiffs") file this Collective Action Complaint against Defendants Bojangles OpCo, LLC and Bojangles Restaurants, Inc. (collectively, "Defendants") seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), on behalf of themselves and all current and former exempt-classified Assistant General Managers, Assistant Managers, Assistant Unit Directors, and employees in similar positions with different job titles (collectively, "AGMs") who worked at any of Defendants' locations in the United States at any time from September 19, 2020, and the date of final judgment of this matter (the "Putative Collective Members"). The following allegations are based on personal knowledge as to Plaintiffs' own experiences and are made on information and belief as to the acts of others:

## NATURE OF THE ACTION

1.    Plaintiffs allege, on behalf of themselves and the Putative Collective Members who will opt into this action pursuant to the FLSA, that they and these other AGMs are entitled to: (i)

1

unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, (ii) liquidated damages under the FLSA, and (iii) reasonable attorneys' fees and costs of this action.

## **PARTIES**

### *Plaintiffs*

### Dorien Andrews II

2.      Plaintiff Dorien Andrews II ("Andrews") was, at all relevant times, an adult individual residing in Fayetteville, North Carolina.

3.      Andrews was employed by Defendants as an AGM from approximately January 2020 until approximately November 2020 and from approximately January 2021 until approximately February 2021, at Defendants' restaurants in Charlotte, North Carolina, and Gastonia, North Carolina.

4.      During his employment as an AGM, Andrews regularly worked 55 hours per week, or more.

5.      For example, during the week of February 15, 2021, Plaintiff Andrews worked approximately 55 hours, if not more.

6.      Andrews' written consent to join this action is attached hereto as Exhibit A.

### Conner Crisco

7.      Plaintiff Conner Crisco ("Crisco") was, at all relevant times, an adult individual residing in Charlotte, North Carolina.

8.      Crisco was employed by Defendants as an AGM from September 2021 to August 2022, at Defendants' restaurant in Locust, North Carolina.

2

9. During his employment as an AGM, Crisco regularly worked 52 hours per week, or more.

10. For example, during the week of June 6, 2022, Crisco worked approximately 50 hours, if not more.

11. Crisco's written consent to join this action is attached hereto as Exhibit B.

*Defendants*

12. Bojangles OpCo, LLC, is a company organized and existing under the laws of Delaware, with its corporate headquarters located in Charlotte, North Carolina.

13. Bojangles Restaurants, Inc., is a corporation, organized and existing under the laws of Delaware, with its corporate headquarters located in Charlotte, North Carolina.

14. At all times relevant, Defendants have been employers within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

15. Defendants are an integrated enterprise because Defendants jointly own and operate Bojangles restaurants for a common business purpose as that term is defined in the FLSA, 29 U.S.C. § 203(r).

16. Defendants operate fried chicken fast food restaurants throughout the United States.

17. Defendants are integrated enterprises engaged in commerce within the meaning of the FLSA because, among other reasons, they have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

18. Defendants have directly or indirectly employed Plaintiffs and the Putative Collective Members at its Bojangles restaurants nationwide.

3

19.     Upon information and belief, throughout the relevant period, each Defendant's annual gross volume of sales made, or business done, was not less than $500,000.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1337.

21.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

22.     Defendants are subject to personal jurisdiction in North Carolina.

23.     Defendants maintain places of business in North Carolina, including their principal places of business and corporate headquarters.

24.     Venue is proper in the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1391 because Defendants are residents in this District and both Defendants maintain their principal places of business in this District.

25.     Additionally, a substantial part of the events or omissions giving rise to claims in this Complaint occurred in this District as Plaintiffs were employed in this District, and Defendants decided upon their policies and procedures in this District.

## FACTUAL ALLEGATIONS

26.     Consistent with Defendants' policies, patterns, or practices, Plaintiffs and the Putative Collective Members regularly worked in excess of 40 hours per workweek without being paid overtime wages.

27.     Plaintiffs and the Putative Collective Members performed the same or substantially similar primary job duties, including the non-exempt tasks of cashiering, cooking, cleaning, and restocking products.

4

28.     Plaintiffs' and the Putative Collective Members' primary duties do not differ substantially from the duties of non-exempt hourly paid employees.

29.     Plaintiffs' and the Putative Collective Members' primary job duties do not include: hiring employees, firing employees, setting employees' rates of pay, scheduling other employees, or disciplining other employees.

30.     Plaintiffs and the Putative Collective Members do not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

31.     Pursuant to a centralized, company-wide policy, pattern, and practice, Defendants classified all AGMs as exempt from coverage of the overtime provisions of the FLSA and applicable state laws.

32.     Defendants did not perform a person-by-person analysis of every AGMs' job duties when making the decision to classify all of them (and other employees holding comparable positions but different titles) as exempt from the FLSA's overtime protections, as well as the protections of applicable state laws.

33.     Upon information and belief, Defendants' unlawful conduct described in this Collective Action Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

34.     Defendants' failure to pay overtime wages for work performed by Plaintiffs and the Putative Collective Members in excess of 40 hours per workweek was willful.

35.     As such, Defendants' unlawful conduct has been widespread, repeated, and consistent.

5

## FLSA COLLECTIVE ALLEGATIONS

36.  Defendants are liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiffs and the Putative Collective Members.

37.  There are numerous similarly situated current and former AGMs who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Putative FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

38.  Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

39.  Plaintiffs and the Putative Collective Members, all of whom regularly worked more than 40 hours in a workweek, were or are employed as AGMs by Defendants at their Bojangles locations.

40.  Defendants failed to pay Plaintiffs and the Putative Collective Members overtime compensation for the hours they worked over 40 in a workweek.

41.  Defendants failed to keep accurate records of all hours worked by Plaintiffs and Putative Collective Members.

42.  Throughout the relevant period, it has been Defendants' policy, pattern, or practice to require, suffer, or permit Plaintiffs and the Putative Collective Members to work in excess of 40 hours per workweek without paying them overtime wages for all overtime hours worked.

43.  Defendants either assigned the work that Plaintiffs and the Putative Collective Members performed or Defendants were aware of the work Plaintiffs and Putative Collective Members performed.

6

44. The work performed by Plaintiffs and the Putative Collective Members constitutes compensable work time under the FLSA, and such work time was not preliminary, postliminary, or *de minimus*.

45. Defendants are aware, or should have been aware, that the FLSA requires them to pay Plaintiffs and the Putative Collective Members an overtime premium for hours worked in excess of 40 hours per workweek.

46. Defendants intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to Plaintiffs and the Putative Collective Members, which policy, pattern, or practice was authorized, established, promulgated, or ratified by Defendants' corporate headquarters.

47. This policy, pattern, or practice includes, but is not limited to:

 a. willfully failing to record all of the time Plaintiffs and the Putative Collective Members have worked for the benefit of Defendants;

 b. willfully failing to keep accurate time records as required by the FLSA;

 c. willfully failing to credit Plaintiffs and the Putative Collective Members for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

 d. willfully failing to pay Plaintiffs and the Putative Collective Members wages for all hours worked including overtime wages for hours in excess of 40 hours per workweek.

## **FIRST CAUSE OF ACTION**
### **Fair Labor Standards Act: Unpaid Overtime Wages**

48. Plaintiffs repeat and reallege each and every factual allegation included in paragraphs 1-47.

7

49.     Plaintiffs bring this First Cause of Action on behalf of themselves and the Putative Collective Members.

50.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint.

51.     Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

52.     The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq.* apply to Defendants.

53.     At all relevant times, Plaintiffs and the Putative Collective Members were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

54.     Defendants are employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

55.     At all times relevant, Plaintiffs and the Putative Collective Members were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

56.     Defendants failed to pay Plaintiffs and the Putative Collective Members the overtime wages to which they Plaintiffs and the Putative Collective Members were entitled to under the FLSA.

57.     Defendants' violations of the FLSA, as described in the Collective Action Complaint, have been intentional and willful.

58.     Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the Putative Collective Members.

8

59.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

60.     As a result of Defendants' violations of the FLSA, Plaintiffs and the Putative Collective Members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

61.     As a result of Defendants' unlawful acts, Plaintiffs and the Putative Collective Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Putative Collective Members, pray for the following relief:

A.     At the earliest possible time, that Plaintiffs be allowed to give notice of this collective action, or the Court issue such notice, informing all similarly situated AGMs of the nature of this action and of their right to join this lawsuit;

B.     Certification of the collective consisting of Plaintiffs and all similarly situated AGMs;

C.     Designation of Plaintiffs as representatives of the Putative Collective, and counsel of record as Class Counsel;

D.     Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq*. and the supporting United States Department of Labor regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

E. Pre-judgment interest and post-judgment interest, as provided by law;

F. Attorneys' fees and costs of the action;

G. Payment of service awards to Plaintiffs, in recognition of the services they have rendered, and will continue to render, to the Collective; and

      H. Such other relief as this Court deems just and proper.

## TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

Dated: September 19, 2023

By: /s/ Brian L. Kinsley
Brian L. Kinsley
NC. Bar No.: 38683
**CR Legal Team, LLP**
2400 Freeman Mill Rd
Suite 200
Greensboro, NC 27406
Telephone: (336) 333-9899
Facsimile: (866) 827-2879
bkinsley@crlegalteam.com

Logan A. Pardell* (to seek admission *pro hac vice*)
**Pardell, Kruzyk & Giribaldo, PLLC**
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Telephone: (561) 726-8444
Facsimile: 877) 453-8003
lpardell@pkglegal.com

Counsel for Plaintiffs