# EXHIBIT A

## Biffany, Brendan

**From:** Logan Pardell <lpardell@pkglegal.com>
**Sent:** Monday, June 19, 2023 4:23 PM
**To:** Church, Brian
**Cc:** Bryan Giribaldo; Johnson, Charles
**Subject:** RE: Bojangles -- Wage Claims re Assistant Managers

**Confidential Settlement Communication**

Brian,

Thanks for your candid feedback. I'll address both of the questions your clients raise in turn.

**Financial Cost/Commitment**

With respect to financial cost/commitment, I think it makes sense to first explore what the cost would be to engage in the process – which of course does not obligate the company to settle. To engage in this process, we would only need the following:

1. A limited production of documents to allow for an evaluation of our clients' claims. All of these documents would be required to be produced in formal discovery and this request is much more limited than what we would ultimately seek in discovery. Accordingly, this can be limited to:
    - Personnel files for our clients only;
    - Pay/time records for our clients only (to the extent time records exist); and
    - Relevant policies and procedures, including, for example, the employee handbook.
2. A representative sample of data for the putative collective. You mentioned on our last call that about 18 months ago Bojangles switched payroll systems making pulling the full extent of the collective data cumbersome. However, for settlement purposes, we would be willing to use the data contained solely on the new payroll system to extrapolate class damages. The data just needs to be sufficient to show:
    - Start/end dates as AGMs; and
    - Average rates of pay during that period.

That's it. As I am sure you can agree, this sort of production is less burdensome and less costly than 95+% of discovery situations in litigations with companies of Bojangles' size. With this production of documents and data, we could move forward with a pre-suit mediation. Plaintiffs would be willing to split the cost of this mediation. Depending on the mediator we choose, the cost to mediate would typically be between $2,500 and $4,500 per side for the day. To make this process efficient, we would recommend conducting the mediation via Zoom to save on travel costs.

With regard to what the ultimate cost to settle the case would be, that is difficult for us to project without evaluating the data. However, let's assume solely for the sake of this discussion that the final settlement number is roughly similar to the $350,000 that was agreed to in the last case. Unlike the prior settlement, the company would not be required to pay out all $350,000. That is because we could structure the settlement to be a reversionary settlement in which the company only pays out to those individuals who elect to participate. There would be no redistribution of the unclaimed settlement funds or payment of the unclaimed funds to *cy pres*, as is typically required in federal court. So, assuming there is a 60% claims rate, Bojangles *would retain over $120,000* of the settlement fund in this example. This structure contrasts significantly with what the company would need to pay if the case were litigated. If the parties litigated the case and reached a similar settlement, not only would Bojangles need to pay out all $350,000, but it would need to pay its own attorneys' fees and litigation costs along the way. In essence, to litigate and reach a similar result would cost the

company more than double – before accounting for the non-monetary factors that come with an early settlement, such as lack of publicity and avoiding disruption of business operations.

**Benefits of a Broader Release**

When reaching a settlement pre-suit and before notice is issued, we can be significantly more flexible with the per-workweek valuation of the claims. Once those putative collective members opt in and have asserted their willingness to participate in a collective action lawsuit, we are unable to make those same discounts. So, by resolving the claims pre-suit on behalf of the putative collective, Bojangles receives a volume discount and, as stated earlier, only pays out the money that is claimed by those who decide to participate in the settlement.

If a putative collective member participates, he or she waives their right to bring those same claims in the future. If they don't decide to join, Bojangles is self-insured against those claims because the company retains the funds allocated to those putative collective members. If Bojangles decides to litigate the claims instead of settle pre-suit, it has no such liability protection. For example, if we litigate, notice of the lawsuit goes out and 20% of the putative collective joins the case, then Bojangles remains exposed with respect to the other 80% of putative collective who did not join. Plaintiffs firms are likely to bring a follow-up lawsuit on behalf of that other 80% who did not join and Bojangles will continue to litigate these claims across multiple lawsuits in perpetuity. However, if a settlement is reached and 60% of the collective participates in the settlement, Plaintiffs firms are much less likely to bring claims on behalf of the other 40%, particularly here where the opt-in rate in a subsequent suit would likely be extremely low (if they aren't willing to cash a check, they likely wouldn't be willing to participate in a lawsuit).

**Conclusion**

We understand that Bojangles is skeptical of settling this case pre-suit. We are not asking for a commitment to settle the claims, but just to participate in a streamlined and inexpensive process to see if settling the claims early may make business sense. At worst, Bojangles would learn what it would have cost to settle the claims pre-suit and, if the number does not make sense, the parties can go forward with litigation "eyes wide open."

Happy to discuss further, but we do need to know whether this is something the company is willing to consider sooner rather than later as our clients' claims continue to erode with each passing week.

Thanks,

Logan A. Pardell, Esq.
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Office: (561) 726-8444
Direct: (561) 726-8344
www.pkglegal.com

The information contained in this e-mail may contain privileged and/or confidential information. If you are not the intended recipient, please notify the sender by reply e-mail and delete the message and any attachments immediately. Thank you.

---

**From:** Church, Brian <BChurch@robinsonbradshaw.com>
**Sent:** Tuesday, June 13, 2023 5:02 PM
**To:** Logan Pardell <lpardell@pkglegal.com>

**Cc:** Bryan Giribaldo <bgiribaldo@pkglegal.com>; Johnson, Charles <CEJohnson@robinsonbradshaw.com>
**Subject:** RE: Bojangles -- Wage Claims re Assistant Managers

Logan –

Thanks for following up. Admittedly we have not had any success garnering much interest from Bojangles regarding this proposal. I think it remains too abstract at this point—too abstract in the sense of understanding the range of financial cost/commitment from the company, and also too abstract in the sense of understanding how the company could obtain a broader release than achieved through an opt-in process via notice. You are free to provide us clarity on any of those points, but I don't want to give you the impression at this point that the proposal has gotten anyone's particular interest at the company.

Brian

______________________________

**Brian L. Church**

**Robinson Bradshaw**
t : 704.377.8166
101 N. Tryon St., Suite 1900
Charlotte, NC 28246

bchurch@robinsonbradshaw.com | Bio
robinsonbradshaw.com

*Robinson Bradshaw is proud to share its commitment to diversity as a Mansfield Certified firm.*

---

*This email may contain material that is CONFIDENTIAL, PRIVILEGED and/or ATTORNEY WORK PRODUCT for the sole use of the intended recipient. Any review, reliance, distribution or forwarding by others without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*

**From:** Logan Pardell <lpardell@pkglegal.com>
**Sent:** Monday, June 12, 2023 8:39 AM
**To:** Church, Brian <BChurch@robinsonbradshaw.com>
**Cc:** Bryan Giribaldo <bgiribaldo@pkglegal.com>; Johnson, Charles <CEJohnson@robinsonbradshaw.com>
**Subject:** RE: Bojangles -- Wage Claims re Assistant Managers

Hi Brian and Charles,

I hope it was a good weekend. Just wanted to follow up again to see if you have any further feedback from your client regarding our pre-suit proposal?

Thanks,

Logan A. Pardell, Esq.
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Office: (561) 726-8444
Direct: (561) 726-8344
www.pkglegal.com


The information contained in this e-mail may contain privileged and/or confidential information. If you are not the intended recipient, please notify the sender by reply e-mail and delete the message and any attachments immediately. Thank you.

---

**From:** Logan Pardell
**Sent:** Tuesday, June 6, 2023 4:44 PM
**To:** Church, Brian <BChurch@robinsonbradshaw.com>
**Cc:** Bryan Giribaldo <bgiribaldo@pkglegal.com>; Johnson, Charles <CEJohnson@robinsonbradshaw.com>
**Subject:** RE: Bojangles -- Wage Claims re Assistant Managers

Hi Brian and Charles,

I hope you are doing well. I wanted to follow up on our call from a couple of weeks ago to see if your client had any further feedback regarding our presuit proposal?

Thanks,

Logan A. Pardell, Esq.
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Office: (561) 726-8444
Direct: (561) 726-8344
www.pkglegal.com

The information contained in this e-mail may contain privileged and/or confidential information. If you are not the intended recipient, please notify the sender by reply e-mail and delete the message and any attachments immediately. Thank you.

---

**From:** Logan Pardell
**Sent:** Wednesday, May 24, 2023 12:26 PM
**To:** 'Church, Brian' <BChurch@robinsonbradshaw.com>
**Cc:** Bryan Giribaldo <bgiribaldo@pkglegal.com>; 'Johnson, Charles' <CEJohnson@robinsonbradshaw.com>
**Subject:** RE: Bojangles -- Wage Claims re Assistant Managers

Hi Brian and Charles,

Looking forward to chatting with you both shortly. In advance of the call, I just wanted to pass along that we have recently been retained by another former AGM, Conner Crisco, who worked in Locust, NC.

Thanks,

Logan A. Pardell, Esq.
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
433 Plaza Real, Suite 275
Boca Raton, FL 33432

Office: (561) 726-8444
Direct: (561) 726-8344
www.pkglegal.com

The information contained in this e-mail may contain privileged and/or confidential information. If you are not the intended recipient, please notify the sender by reply e-mail and delete the message and any attachments immediately. Thank you.

---

**From:** Logan Pardell
**Sent:** Monday, May 22, 2023 10:58 AM
**To:** Church, Brian <BChurch@robinsonbradshaw.com>
**Cc:** Bryan Giribaldo <bgiribaldo@pkglegal.com>; Johnson, Charles <CEJohnson@robinsonbradshaw.com>
**Subject:** RE: Bojangles -- Wage Claims re Assistant Managers

Perfect. I'll circulate a Zoom call in number so Bryan can join as well. No need to be on video.

Thanks,

Logan A. Pardell, Esq.
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Office: (561) 726-8444
Direct: (561) 726-8344
www.pkglegal.com

The information contained in this e-mail may contain privileged and/or confidential information. If you are not the intended recipient, please notify the sender by reply e-mail and delete the message and any attachments immediately. Thank you.

---

**From:** Church, Brian <BChurch@robinsonbradshaw.com>
**Sent:** Monday, May 22, 2023 10:40 AM
**To:** Logan Pardell <lpardell@pkglegal.com>
**Cc:** Bryan Giribaldo <bgiribaldo@pkglegal.com>; Johnson, Charles <CEJohnson@robinsonbradshaw.com>
**Subject:** RE: Bojangles -- Wage Claims re Assistant Managers

Logan – How about 2:00 Wednesday afternoon? I'll be available at 704-377-8166.

Brian

______________________________

**Brian L. Church**

**Robinson Bradshaw**

t : 704.377.8166
101 N. Tryon St., Suite 1900
Charlotte, NC 28246

bchurch@robinsonbradshaw.com | Bio
robinsonbradshaw.com

*Robinson Bradshaw is proud to share its commitment to diversity as a Mansfield Certified firm.*

---

*This email may contain material that is CONFIDENTIAL, PRIVILEGED and/or ATTORNEY WORK PRODUCT for the sole use of the intended recipient. Any review, reliance, distribution or forwarding by others without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*

**From:** Logan Pardell <lpardell@pkglegal.com>
**Sent:** Monday, May 22, 2023 10:07 AM
**To:** Church, Brian <BChurch@robinsonbradshaw.com>
**Cc:** Bryan Giribaldo <bgiribaldo@pkglegal.com>; Johnson, Charles <CEJohnson@robinsonbradshaw.com>
**Subject:** RE: Bojangles -- Wage Claims re Assistant Managers

Hi Brian,

My afternoon on Wednesday is wide open. What works for you?

Logan A. Pardell, Esq.
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Office: (561) 726-8444
Direct: (561) 726-8344
www.pkglegal.com

The information contained in this e-mail may contain privileged and/or confidential information. If you are not the intended recipient, please notify the sender by reply e-mail and delete the message and any attachments immediately. Thank you.

---

**From:** Church, Brian <BChurch@robinsonbradshaw.com>
**Sent:** Monday, May 22, 2023 9:53 AM
**To:** Logan Pardell <lpardell@pkglegal.com>
**Cc:** Bryan Giribaldo <bgiribaldo@pkglegal.com>; Johnson, Charles <CEJohnson@robinsonbradshaw.com>
**Subject:** RE: Bojangles -- Wage Claims re Assistant Managers

Logan – Thanks for your email below. I am catching up after spending most of last week in depositions. I am available some this week. Do you have time Wednesday? Let me know if there are any good windows for you.

Brian

______________________________

**Brian L. Church**

**Robinson Bradshaw**
t : 704.377.8166
101 N. Tryon St., Suite 1900
Charlotte, NC 28246

bchurch@robinsonbradshaw.com | Bio
robinsonbradshaw.com

*Robinson Bradshaw is proud to share its commitment to diversity as a Mansfield Certified firm.*

---

*This email may contain material that is CONFIDENTIAL, PRIVILEGED and/or ATTORNEY WORK PRODUCT for the sole use of the intended recipient. Any review, reliance, distribution or forwarding by others without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*

**From:** Logan Pardell <lpardell@pkglegal.com>
**Sent:** Thursday, May 18, 2023 10:54 AM
**To:** Church, Brian <BChurch@robinsonbradshaw.com>
**Cc:** Bryan Giribaldo <bgiribaldo@pkglegal.com>; Johnson, Charles <CEJohnson@robinsonbradshaw.com>
**Subject:** RE: Bojangles -- Wage Claims re Assistant Managers

Hi Brian,

I hope all is well. Just wanted to follow up on my below email. Are you free to discuss further tomorrow or early next week?

Logan A. Pardell, Esq.
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Office: (561) 726-8444
Direct: (561) 726-8344
www.pkglegal.com

The information contained in this e-mail may contain privileged and/or confidential information. If you are not the intended recipient, please notify the sender by reply e-mail and delete the message and any attachments immediately. Thank you.

---

**From:** Logan Pardell
**Sent:** Monday, May 8, 2023 5:54 PM
**To:** 'Church, Brian' <BChurch@robinsonbradshaw.com>
**Cc:** Bryan Giribaldo <bgiribaldo@pkglegal.com>; 'Johnson, Charles' <CEJohnson@robinsonbradshaw.com>
**Subject:** RE: Bojangles -- Wage Claims re Assistant Managers

**<u>Confidential Settlement Communication</u>**

Brian,

Thank you for your response. Plaintiffs each reject Bojangles' settlement offers and are not interested in individual resolution. Respectfully, we view the circumstances surrounding our Plaintiffs and the *Thaxton* litigation quite differently. As an initial matter, given that the court conditionally certified *Thaxton*, we believe that, if we move forward with litigation, conditional certification is almost assured in our case as well. Nothing in the factual record in the *Thaxton* litigation gives us any pause with moving forward if pre-suit discussions do not materialize. A declaration of plaintiffs' counsel in *Thaxton*, which is entirely positioned to convince the court why the settlement number is reasonable and should be approved, does not sway our opinion of the strength of the claims.

While you note that Bojangles is prepared to litigate this case again, we urge the company to consider our pre-suit proposal in an effort to put the fees, costs, and expenses it would necessarily incur to yet again litigate towards a resolution that could potentially make business sense for the company. While you mention that the total settlement was $350,000, given that the parties did such extensive discovery and briefing, I imagine that it cost Bojangles substantially more to litigate that case to completion when factoring in its own fees and expenses.

Here, were propose that instead of the extensive discovery that was necessary in *Thaxton*, we engage in very limited, informal discovery that allows us evaluate the claims and create a damages model on behalf of the putative collective. Thereafter, we would schedule a mediation with a mutually agreeable mediator, likely via Zoom, to see if a settlement can be reached. Given that we are in a pre-suit posture, we can apply appropriate discounts to the total settlement number given the relevant litigation risks. Moreover, we could be more flexible with respect to non-economics (e.g. establishing a reversionary settlement structure that would allow Bojangles to retain a portion of the total settlement number, seeking approval in state court, and having a mutually agreeable notice process), all of which provides added benefit to the company. In addition, the settlement would buy Bojangles broader release than the *Thaxton* case did (which only settled for those who opted in via the notice process). In the event the parties do not settle pre-suit, all that would be lost would be time and minimal expense and we could proceed to litigation with a better understanding of each other's position and what it would have cost to resolve pre-suit.

For these reasons, we believe that this case is poised well for a pre-suit collective settlement discussion. We urge the company to at least explore those discussions to see if a deal that makes business sense could be reached. I would be happy to explain our proposal further on a follow up call if you believe that would be helpful.

Thanks,

Logan A. Pardell, Esq.
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Office: (561) 726-8444
Direct: (561) 726-8344
www.pkglegal.com

The information contained in this e-mail may contain privileged and/or confidential information. If you are not the intended recipient, please notify the sender by reply e-mail and delete the message and any attachments immediately. Thank you.

---

**From:** Logan Pardell
**Sent:** Thursday, May 4, 2023 12:47 PM
**To:** Church, Brian <BChurch@robinsonbradshaw.com>

**Cc:** Bryan Giribaldo <bgiribaldo@pkglegal.com>; Johnson, Charles <CEJohnson@robinsonbradshaw.com>
**Subject:** RE: Bojangles -- Wage Claims re Assistant Managers

Thanks, Brian.  I am travelling the rest of the week, but will be in touch with a response next week.

Have a good weekend.

Logan A. Pardell, Esq.
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Office: (561) 726-8444
Direct: (561) 726-8344



The information contained in this e-mail may contained privileged and/or confidential information. If you are not the intended recipient, please notify the sender by reply e-mail and delete the message and any attachments immediately. Thank you.

---

**From:** Church, Brian <BChurch@robinsonbradshaw.com>
**Sent:** Wednesday, May 3, 2023 9:53 AM
**To:** Logan Pardell <lpardell@pkglegal.com>
**Cc:** Bryan Giribaldo <bgiribaldo@pkglegal.com>; Johnson, Charles <CEJohnson@robinsonbradshaw.com>
**Subject:** RE: Bojangles -- Wage Claims re Assistant Managers

Logan –

Thank you for following up.  It took us a bit longer than ordinary to obtain some of the basic employment information about these individuals from Bojangles' records last week as one of our primary contacts there was travelling, but we were able to secure that information as well as information about Mr. Andrews in order to assess what their claims might be.

Before I write a few words about the claimants, I did want to pass on some more information about the Thaxton litigation that you referenced, which the company settled in 2020 regarding this same assistant manager position.  To be clear, you correctly identified that case as having involved the conditional certification of an FLSA collective regarding the company's salaried assistant managers.  The case proceeded fully to the end of discovery and Bojangles was days away from filing its decertification motion when the parties settled.  As you evaluate these claims and whether any of these individuals can attempt to move forward in any capacity other than prosecuting their own claims, I would encourage you to study the settlement agreement in the case (Doc. 178) and the Declaration of Russ Bryant, lead counsel to the putative collective in the case (Doc. 184).  You can do the math yourself, but the upshot of those filings is that after nearly three years of litigation, 400 sets of individualized discovery from opt-in plaintiffs, 35 named and opt-in plaintiff depositions in locations throughout the southeastern United States, their attorneys incurred about $500,000 in fees.  Plaintiffs' counsel recovered less than 25% of their fees in the settlement and the opt-ins each took a tiny fraction of what they claimed to be owed.  In short, the company is well-prepared to defend against these claims.

As to the individuals you now represent, Ms. Shelton worked as an Assistant General Manager ("AGM") for fewer than eight weeks more than two years ago.  Ms. Hines last worked at an AGM about two years ago for a 16-week stint.  Mr. Andrews last worked as an AGM for five weeks in February and March 2021.  These are not employees whose tenures would give them a meaningful view into what the job was.  Moreover, at least two of the three appear to have been removed from the AGM position for performance reasons.

Nevertheless, in order to resolve these claims, Bojangles is willing to make a settlement proposal directly to Ms. Shelton, Ms. Hines and Mr. Andrews.  It will pay each of Ms. Shelton and Mr. Andrews $250 in full resolution of their claims, contingent on their execution of a full release and approval by a court if Bojangles requests it.  It will pay Ms. Hines $500 on these same conditions.  We

ask that you convey these proposals to your clients. We are willing to discuss the matter of their claims further. If you think a further call or conference would be helpful, let us know.

Brian

______________________________

**Brian L. Church**

**Robinson Bradshaw**
t : 704.377.8166
101 N. Tryon St., Suite 1900
Charlotte, NC 28246

bchurch@robinsonbradshaw.com | Bio
robinsonbradshaw.com

*Robinson Bradshaw is proud to share its commitment to diversity as a Mansfield Certified firm.*

---

*This email may contain material that is CONFIDENTIAL, PRIVILEGED and/or ATTORNEY WORK PRODUCT for the sole use of the intended recipient. Any review, reliance, distribution or forwarding by others without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*

**From:** Logan Pardell <lpardell@pkglegal.com>
**Sent:** Tuesday, May 2, 2023 4:24 PM
**To:** Johnson, Charles <CEJohnson@robinsonbradshaw.com>; Church, Brian <BChurch@robinsonbradshaw.com>
**Cc:** Bryan Giribaldo <bgiribaldo@pkglegal.com>
**Subject:** RE: Bojangles -- Wage Claims re Assistant Managers

Hi Charles and Brian,

I hope all is well. I wanted to follow up on our call from last week to see if your client had the opportunity to locate our clients in their records and consider our proposed tolling agreement.

Please note, we have also recently been retained by another Bojangles AGM, Dorien Andrews II, who I included in an updated version of the tolling agreement, which is attached to this email.

Thanks,

Logan A. Pardell, Esq.
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Office: (561) 726-8444
Direct: (561) 726-8344
www.pkglegal.com



The information contained in this e-mail may contain privileged and/or confidential information. If you are not the intended recipient, please notify the sender by reply e-mail and delete the message and any attachments immediately. Thank you.

---

**From:** Logan Pardell
**Sent:** Monday, April 24, 2023 3:37 PM
**To:** Johnson, Charles <CEJohnson@robinsonbradshaw.com>
**Cc:** Church, Brian <BChurch@robinsonbradshaw.com>; Bryan Giribaldo <bgiribaldo@pkglegal.com>
**Subject:** RE: Bojangles -- Wage Claims re Assistant Managers

Charles and Brian,

Thank you for the call today. As we discussed, attached for your review is a proposed tolling agreement containing the names of our clients, Shannon Shelton and Shanette Hines. We look forward to your response.

Thanks,

Logan A. Pardell, Esq.
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Office: (561) 726-8444
Direct: (561) 726-8344
www.pkglegal.com

The information contained in this e-mail may contain privileged and/or confidential information. If you are not the intended recipient, please notify the sender by reply e-mail and delete the message and any attachments immediately. Thank you.

---

**From:** Johnson, Charles <CEJohnson@robinsonbradshaw.com>
**Sent:** Thursday, April 20, 2023 2:12 PM
**To:** Logan Pardell <lpardell@pkglegal.com>
**Cc:** Church, Brian <BChurch@robinsonbradshaw.com>; Bryan Giribaldo <bgiribaldo@pkglegal.com>
**Subject:** RE: Bojangles -- Wage Claims re Assistant Managers

Logan,

Monday at 3 p.m. is fine. I'll send you and Bryan a Zoom invitation so you can join the call by either computer or phone. We look forward to speaking with you then.

Best regards,

Charles
______________________________

**Charles E. Johnson**

**Robinson Bradshaw**
t : 704.377.8354 | m : 704.726.8354
101 N. Tryon St., Suite 1900
Charlotte, NC 28246

cejohnson@robinsonbradshaw.com | Bio
robinsonbradshaw.com

*Robinson Bradshaw is proud to share its commitment to diversity as a Mansfield Certified firm.*

---

This email may contain material that is CONFIDENTIAL, PRIVILEGED and/or ATTORNEY WORK PRODUCT for the sole use of the intended recipient. Any review, reliance, distribution or forwarding by others without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

**From:** Logan Pardell <lpardell@pkglegal.com>
**Sent:** Thursday, April 20, 2023 12:56 PM
**To:** Johnson, Charles <CEJohnson@robinsonbradshaw.com>
**Cc:** Church, Brian <BChurch@robinsonbradshaw.com>; Bryan Giribaldo <bgiribaldo@pkglegal.com>
**Subject:** RE: Bojangles -- Wage Claims re Assistant Managers

Hi Charles,

Nice to meet you and I look forward to working with you and Brian on this matter. Monday at 3 pm EST works great for us if you want to lock that in.

Logan A. Pardell, Esq.
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
433 Plaza Real, Suite 275
Boca Raton, FL 33432
Office: (561) 726-8444
Direct: (561) 726-8344

The information contained in this e-mail may contained privileged and/or confidential information. If you are not the intended recipient, please notify the sender by reply e-mail and delete the message and any attachments immediately. Thank you.

---

**From:** Johnson, Charles <CEJohnson@robinsonbradshaw.com>
**Sent:** Thursday, April 20, 2023 12:10 PM
**To:** Logan Pardell <lpardell@pkglegal.com>
**Cc:** Church, Brian <BChurch@robinsonbradshaw.com>
**Subject:** Bojangles -- Wage Claims re Assistant Managers

Mr. Pardell,

Our firm represents Bojangles OpCo, LLC, which has asked us to respond to your letter of April 6, 2023 alleging claims of unpaid overtime wages on behalf of unnamed assistant general managers. We appreciate your invitation to engage in dialogue and would like to schedule a call with you next week. My colleague Brian Church and I are available for a call after 2:30 p.m. on Monday or Tuesday or any time before 4 p.m. on Thursday. Please let me know if there's a time on one of those days that will work for you or, if you're not available then, please suggest a date during the week of May 1 for a call.

Best regards,

Charles

______________________________

**Charles E. Johnson**

**Robinson Bradshaw**
t : 704.377.8354
101 N. Tryon St., Suite 1900
Charlotte, NC 28246

cejohnson@robinsonbradshaw.com | Bio
robinsonbradshaw.com

*Robinson Bradshaw is proud to share its commitment to diversity as a Mansfield Certified firm.*

---

*This email may contain material that is CONFIDENTIAL, PRIVILEGED and/or ATTORNEY WORK PRODUCT for the sole use of the intended recipient. Any review, reliance, distribution or forwarding by others without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.*



**Logan A. Pardell, Esq.**
Email: lpardell@pkglegal.com

**CONFIDENTIAL SETTLEMENT COMMUNICATIONS**
**PURSUANT TO FED. R. EVID. 408**

April 6, 2023

**Via U.S. Mail and Email (lroberts@bojangles.com)**
Laura Roberts
Vice President, General Counsel, Secretary and Compliance Officer
Bojangles OpCo, LLC
9432 Southern Pine Blvd
Charlotte, North Carolina, 28273

**Re:** **Bojangles OpCo, LLC - Unpaid Wage Claims for Class of Assistant Managers**

Dear Ms. Roberts:

Pardell, Kruzyk & Giribaldo, PLLC represents former Bojangles OpCo, LLC ("Bojangles") Assistant General Managers who seek to recover overtime wages for themselves and other similarly situated employees, regardless of exact title, including Assistant Managers and Assistant Unit Managers (collectively, "AGMs") nationwide. The purpose of this letter is to inform Bojangles of these claims and invite its pre-litigation response.

We encourage Bojangles to engage in dialogue with us to explore the possibility of an early resolution of this matter before the parties begin extensive and costly litigation to file, prove, and value these claims. We have successfully used similar pre-litigation discussions to resolve wage and hour cases against other national employers, including large restautant chains. Absent pre-litigation resolution, we intend to pursue Fair Labor Standards Act ("FLSA") claims for unpaid wages for our clients and the putative collective.

**Claims**

Based on our investigation, Bojangles does not pay overtime wages to its AGMs due to its decision to classify AGMs as exempt from the FLSA and individual state wage and hour laws. Based on the investigation we have conducted to date, as well as our experience litigating misclassification cases on behalf of similar employees, this classification is improper because the primary job duty of AGMs is performing non-exempt work, including cashiering, cooking, cleaning, and restocking products. As such, AGMs spend a vast majority of their time performing much of the same work as hourly employees, to whom Bojangles pays overtime. Moreover, AGMs

do not primarily exercise discretion or independent judgment with respect to matters of significance. Therefore, we do not believe that Bojangles can meet its burden of proving that AGMs' primary job duties qualify Bojangles for any exemption.

**Preservation of Documents**

Having received notice of these potential claims, Bojangles is under an obligation to preserve all documents and electronic discovery relevant to the allegations in this letter. Absent a satisfactory conclusion to negotiations, in litigation, we will request discovery pursuant to Federal Rules of Civil Procedure. The Document Preservation Addendum attached as Exhibit A outlines some of Bojangles's preservation obligations.

**Proposal for Resolution**

We are willing to postpone our plan to file these claims in order to engage in pre-suit settlement discussions, provided that Bojangles agrees to toll the statutes of limitations for our clients' and other AGMs' wage claims. We would then sign a confidentiality agreement to facilitate the parties' sharing of information, with the goal of allowing the parties to value the claims. The parties can then engage in a negotiation process facilitated by a private mediator. If we settle, the parties may agree that our clients will file a lawsuit solely for the purpose of seeking settlement approval in an agreed upon jurisdiction, likely a state court. This process, if successful, would mitigate Bojangles's risk on the merits, substantially reduce Bojangles's exposure to attorneys' fees and costs (including plaintiffs' fees and costs, which Bojangles will pay if our client prevails), and limit publicity and interference with Bojangles's operations. While we believe that these claims are strong, we will listen to Bojangles's arguments and discount our damages analysis to account for risk, and in recognition of the pre-suit posture.

Please contact me to discuss these issues. We request a response on or before April 20, 2023.

Very truly yours,

Logan A. Pardell

Enclosure.