# EXHIBIT B

## Multiple Documents

| Part | Description |
| --- | --- |
| 1 | 14 pages |
| 2 | Exhibit 1- Consent to Join Form |
| 3 | Civil Cover Sheet |

Bloomberg Law® © 2023 Bloomberg Industry Group, Inc. All Rights Reserved. Terms of Service

// PAGE 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ------------------------------------------------------------X<br>JD ELLIS, Individually and on Behalf<br>of All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>-against-<br><br>LOVE'S TRAVEL STOPS & COUNTRY<br>STORES, INC.<br><br>Defendant.<br>------------------------------------------------------------X | : <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: | Civil Action: CIV-21-308-F<br><br>**COLLECTIVE ACTION**<br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

Plaintiff JD Ellis ("Ellis" or "Plaintiff"), individually and on behalf of all other persons similarly situated, files this Collective Action Complaint (the "Complaint") against Defendant, Love's Travel Stops & Country Stores, Inc. ("Love's Travel Stops" or "Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938, (hereinafter the "FLSA"), 29 U.S.C. §§ 201 *et seq*. The following allegations are based on personal knowledge as to Plaintiff's conduct and are made based on information and belief as to the acts of others.

## NATURE OF THE ACTION

1.  This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and similarly situated employees who worked for Defendant in the United States as exempt-

classified Operations Managers or in similar job positions with different titles (collectively "OMs").

2. Upon information and belief, Defendant reclassified the Operations Manager position to non-exempt effective on January 3, 2021.

3. Plaintiff alleges on behalf of all other OMs that they are entitled to: (i) unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law; (ii) liquidated damages under the FLSA; and (iii) reasonable attorneys' fees and costs of this action.

4. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute these FLSA claims as a collective action on behalf of all OMs employed during the Collective Action Period, which is at any time from April 7, 2018 to the entry of judgment in this case, excluding any time worked prior to October 14, 2020 by any OM who opted into and released such claims via their participation in settlement of *Lawson v. Love's Travel Stops & Cntry Stores, Inc.,* No. 17 Civ. 1266, (M.D. Pa.) (the "FLSA Collective").[1]

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over the claim of Plaintiff and the FLSA Collective pursuant to 29 U.S.C. § 216(b) and U.S.C. § 1331.

6. Defendant is subject to personal jurisdiction in the state of Oklahoma.

---

[1] To the extent that an OM was employed *only through October 14, 2020* and participated in and released their claims via their participation in the settlement of *Lawson v. Love's Travel Stops & Cntry Stores, Inc.,* No. 17 Civ. 1266, (M.D. Pa.), they would be excluded from the FLSA Collective.

2

7. The claims of the Plaintiff and members of the FLSA Collective involve matters of national and/or interstate interest.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

9. This Court is empowered to issue a declaratory judgment and injunctive relief pursuant to 28 U.S.C. § § 2201 and 2202.

## THE PARTIES

### I.  PLAINTIFF

10. Plaintiff Ellis is an adult individual, residing in Oklahoma City, Oklahoma.

11. Plaintiff Ellis worked for the Defendant as an OM in a Love's Travel Stops store in Hinton, Oklahoma from approximately November 2015 to August 2017 and again from May 2018 to January 3, 2021 in Oklahoma City, Oklahoma.[2]

12. As an opt-in plaintiff in *Lawson*, Ellis released his unpaid overtime wage claims through October 14, 2020, only.

13. At all times relevant, Plaintiff and all similarly situated OMs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

14. Attached hereto as Exhibit "1" is Plaintiff's Consent to Become a Party Plaintiff in the action.

---

[2] Plaintiff is still employed by Defendant as an Operations Manager, but is now classified as an employee non-exempt from overtime wage requirements.

3

## II. DEFENDANT

15. Defendant Love's Travel Stops is an Oklahoma Corporation with its principal place of business located at 10601 N. Pennsylvania Avenue, Oklahoma City, Oklahoma, 73120-4108.

16. Defendant does business under the name Love's Travel Stops & Country Stores and operates over 550 retail locations throughout 41 states.[3]

17. Defendant employs 29,000 employees nationwide. *Id.*

18. At all times relevant, Defendant was and still is doing business at their retail locations in Oklahoma.

19. At all times relevant, Defendant employs/employed Plaintiff and other similarly situated current and former OMs at Love's Travel Stops locations.

20. At all times relevant, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all times relevant, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. At all times relevant, Defendant was and still is an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because each Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working

---

[3] https://www.loves.com/en/about-us/loves-family-of-companies, (last visited Apr. 2, 2021).

4

on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

23.     Defendant has a gross volume of sales made or business done of not less than $500,000.00.

## COMMON FACTUAL ALLEGATIONS

24.     Defendant issued paychecks to the Plaintiff and the FLSA Collective.

25.     Defendant paid Plaintiff and the FLSA Collective on a salary basis and Defendant did not pay overtime wages to the Plaintiff and the FLSA Collective.

26.     Defendant directed the work of Plaintiff and the FLSA Collective and directly benefited, suffered or permitted the work they performed.

27.     Defendant did not pay Plaintiff and the FLSA Collective overtime wages for hours they worked in excess of 40 hours in a workweek.

28.     Defendant employed Plaintiff and the FLSA Collective as OMs.

29.     Defendant maintains control, oversight, and discretion over the operation of its retail stores, including its employment practices with respect to Plaintiff and the FLSA Collective.

30.     Plaintiff's and the FLSA Collective's work as OMs was integral to and performed during the normal course of Defendant's business.

31.     Plaintiff and the FLSA Collective regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the FLSA.

32.     Plaintiff Ellis worked approximately 55 to 60 hours per week, or more, during each week in which he worked five or more shifts, and was not paid overtime

compensation for the hours he worked in excess of 40 hours per workweek. In particular, during the week of December 7, 2020, Plaintiff worked at least 55 hours and did not receive overtime compensation.

33. The number of shifts Plaintiff and the members of the FLSA Collective were scheduled to work per week can be ascertained from Defendant's records.

34. Defendant assigned all the work that Plaintiff and the FLSA Collective performed, and Defendant is aware of all the work that they have performed.

35. This work of the Plaintiff and the FLSA Collective required little skill and no capital investment.

36. This work required of the Plaintiff and the FLSA Collective did not include managerial responsibilities.

37. This work required of the Plaintiff and the FLSA Collective did not include the exercise of meaningful independent judgment and discretion concerning matters of significance.

38. Plaintiff and the FLSA Collective performed the same primary job duties: working the cash registers, stocking shelves, cleaning and straightening the store, assisting customers, organizing the store according to detailed corporate directives, unpacking merchandise, and unloading trucks.

39. The primary job duties of Plaintiff and the FLSA Collective did not include: hiring, firing, disciplining, or directing the work of other employees, and exercising meaningful independent judgment and discretion.

40. The primary job duties of Plaintiff and the FLSA Collective did not materially differ from the duties of non-exempt hourly paid employees.

41. The primary duties of Plaintiff and the FLSA Collective were manual in nature.

42. The Plaintiff and the FLSA Collective performance of manual labor and non-exempt duties occupied the majority of Plaintiff's and the FLSA Collective's working hours.

43. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant classified Plaintiff and the FLSA Collective as exempt from coverage of the overtime provisions of the FLSA.

44. Defendant did not perform a person-by-person analysis of the job duties of Plaintiff and the FLSA Collective when making the decision to classify all of them uniformly as exempt.

45. Defendant established labor budgets to cover labor costs for the stores in which Plaintiff and the FLSA Collective worked.

46. Defendant did not provide sufficient resources in the labor budgets for non-exempt employees to complete all the non-exempt tasks in each store.

47. Defendant knew or recklessly disregarded the fact that failing to provide sufficient resources in store labor budgets resulted in Plaintiff and the FLSA Collective (who were not paid overtime) to work more than 40 hours in a workweek and primarily perform manual and non-exempt duties during their workweeks, without receiving

overtime compensation. This allowed Defendant to avoid paying additional wages (including overtime) to the non-exempt store-level employees.

48. Defendant acted willfully and knew by virtue of the fact that its General Managers and or its District Managers (as its authorized agents) actually saw Plaintiff and the FLSA Collective perform primarily manual labor and non-exempt duties, that a result of the underfunded labor budgets was to limit the amount of money available to pay non-exempt employees to perform such work.

49. As an experienced and practical retailer operating over 550 stores in 41 states, Defendant was aware or recklessly disregarded the fact that by underfunding the labor budgets for store locations, Plaintiff and the FLSA Collective were not performing activities that would suffice to make their actual job duties comply with any overtime exemption.

50. As Defendant is a substantial corporate entity aware of its obligations under the FLSA, it, accordingly, acted willfully or recklessly in failing to classify Plaintiff and the FLSA Collective as non-exempt employees.

51. Defendant knew or should have known that Plaintiff and the FLSA Collective were not performing activities that complied with any overtime exemption since it has previously been sued for such wage and hour overtime violations on behalf of OMs.

52. Defendant was, or should have been, aware that the FLSA required it to pay employees performing primarily non-exempt duties an overtime premium for hours worked in excess of 40 per week.

53. Defendant's unlawful conduct as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendant's centralized, companywide policy, pattern, and/or practice of attempting to minimize labor costs by violating FLSA.

54. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a policy, pattern, and practice of violating the FLSA, with respect to Plaintiff and the FLSA Collective. This policy, pattern, and practice includes, but it is not limited to the foregoing knowledge of its obligations and the kind of work that Plaintiff and the FLSA Collective were and have been performing; thus, Defendant has been:

   a. willfully misclassifying Plaintiff and the FLSA Collective as exempt from the overtime requirements of the FLSA;

   b. willfully failing to pay Plaintiff and the FLSA Collective overtime wages for hours they worked in excess of 40hours per week; and

   c. willfully failing to provide enough money in its store-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing its exempt OMs to perform such non-exempt tasks.

55. Defendant's willful violations of the FLSA are further demonstrated by the fact that Defendant failed to maintain accurate and sufficient time records for Plaintiff and the FLSA Collective.

56. Defendant acted recklessly or in willful disregard of the FLSA by instituting a policy and practice that did not allow Plaintiff and the FLSA Collective to record all hours worked.

57.     Due to the foregoing, Defendant's failure to pay overtime wages for work performed by Plaintiff and the FLSA Collective in excess of 40 hours per workweek was willful and has been widespread, repeated and consistent.

58.     Defendant is liable under FLSA for, *inter alia*, failing to pay proper overtime wages to Plaintiff and the members of the FLSA Collective.

59.     There are numerous similarly situated current and former OMs who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the collective Action Members pursuant to 29 U.S.C. § 216(b).

60.     The similarly situated OMs are known to Defendant, are readily identifiable, and can be located through Defendant's records.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT:  UNPAID OVERTIME WAGES**
**(Brought on Behalf of Plaintiff and the FLSA Collective)**

61.     Plaintiff, on behalf of himself and the FLSA Collective, realleges and incorporates all preceding paragraphs.

62.     At all relevant times and continuing to the present, Defendant had a policy and practice of refusing to pay overtime compensation to Plaintiff and the FLSA Collective for hours worked in excess of 40 hours per workweek.

63.     As a result of Defendant's willful failure to compensate Plaintiff and the FLSA Collective for overtime wages worked, Defendant has violated the FLSA.

64. Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

65. As a result of Defendant's policy and practice of minimizing labor costs by underfunding labor budgets for its stores, Defendant knew or recklessly disregarded the fact that Plaintiff and the FLSA Collective were primarily performing manual labor and non-exempt tasks.

66. Due to Defendant's failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the FLSA Collective, Defendant's actual knowledge, through its General Managers and District Managers that the primary duties of Plaintiff and the FLSA Collective were manual labor and other non-exempt tasks, Defendant's failure to perform a person-by-person analysis of Plaintiff's and the FLSA Collective's job duties to ensure that they were performing exempt job duties, Defendant's instituting a policy and practice that did not allow Plaintiff and the FLSA Collective to record all hours worked, and Defendant's failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, Defendant knew and or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

67. As a result of Defendant's FLSA violations, Plaintiff and the FLSA Collective are entitled to (a) recover from Defendant their unpaid wages for all of the hours worked by them, as overtime compensation; (b) recover an additional, equal amount as

liquidated damages for Defendant's willful violations of the FLSA; and, (c) recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the FLSA Collective are entitled to and pray for the following relief:

A. Designation of this action as an FLSA collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling for the statute of limitations;

B. A declaratory judgment that the practices complained of are unlawful under the FLSA;

C. A reasonable service award to the Plaintiff to compensate him for the time he has spent and continue to spend attempting to recover wages for the FLSA Collective and for the risks he has taken in doing so;

D. An award of unpaid wages for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay under FLSA, using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

E. An award of liquidated damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216.

F. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

G. An award of prejudgment and post-judgment interest;

H. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees and an award of a service payment to Plaintiffs; and

I. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff and the FLSA Collective demand a trial by jury on all questions of fact raised by the Complaint.

Dated: April 7. 2021

Respectfully submitted,

_/s/ Mark A. Waller_
Mark A. Waller, OBA 14831
E-mail: mwaller@wjwattorneys.com
**WALLER JORGENSON, PLLC**
401 South Boston Avenue
Suite 500
Tulsa, Oklahoma 74103
Telephone: (918) 629-3350
Facsimile: (918) 699-0325

Marc S. Hepworth*
E-mail: mhepworth@hgrlawyers.com
Charles Gershbaum*
E-mail: cgershbaum@hgrlawyers.com
David A. Roth*
E-mail: droth@hgrlawyers.com
Rebecca S. Predovan*
E-mail: rpredovan@hgrlawyers.com
**HEPWORTH, GERSHBAUM & ROTH, PLLC**
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801

Gregg I. Shavitz*
E-mail: gshavitz@shavitzlaw.com
Paolo C. Meireles*
E-mail: pmeireles@shavitzlaw.com
Logan A. Pardell*
E-mail: lpardell@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

**pro hac vice* application forthcoming

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), Love's Travel Stops & Country Stores, Inc., and/or related entities and individuals brought under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.*, including under 29 U.S.C. § 216(b), in order to seek redress for violations of the Equal Pay Act, 29 U.S.C. § 206(d).

2. I hereby designate the Shavitz Law Group, P.A. and Hepworth, Gershbaum & Roth, PLLC to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_____
Signature

JD Ellis
_____
Print Name

EXHIBIT 1

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
J D ELLIS

### DEFENDANTS
LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.

**(b)** County of Residence of First Listed Plaintiff: **OKLAHOMA COUNTY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **OKLAHOMA COUNTY**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
MARK A. WALLER, 401 S. BOSTON, SUITE 500, TULSA, OK 74103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 216(b) and U.S.C. § 1331.

Brief description of cause:
COLLECTIVE ACTION CLAIM FOR UNPAID OVERTIME WAGES

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 04/07/2021
SIGNATURE OF ATTORNEY OF RECORD: /S/ Mark A. Waller

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

[Print]  [Save As...]  [Reset]

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# General Information

| | |
|---|---|
| **Case Name** | Stoddard v. Love's Travel Stops & Country Stores Inc |
| **Court** | U.S. District Court for the Western District of Oklahoma |
| **Date Filed** | Wed Apr 07 00:00:00 EDT 2021 |
| **Judge(s)** | STEPHEN P. FRIOT |
| **Federal Nature of Suit** | Labor: Fair Labor Standards Act [710] |
| **Docket Number** | 5:21-cv-00308 |
| **Status** | Closed |
| **Parties** | JD Ellis; James Stoddard; Love's Travel Stops & Country Stores Inc |

Bloomberg Law® © 2023 Bloomberg Industry Group, Inc. All Rights Reserved. Terms of Service // PAGE 19