# EXHIBIT C

## Multiple Documents

| Part | Description |
| --- | --- |
| 1 | 13 pages |
| 2 | Civil Cover Sheet |
| 3 | Proposed Summons |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

```
-----------------------------------------------------------------X
AMANDA COTTLE, Individually and on behalf    :
of all others similarly situated,            :
                                             :          COLLECTIVE ACTION
                 Plaintiff,                  :          COMPLAINT
                                             :
            -against-                        :          JURY TRIAL DEMANDED
                                             :
PAPA MURPHY'S COMPANY STORES, INC.,          :
 a foreign Corporation                       :
                                             :
                 Defendant.                  :
-----------------------------------------------------------------X
```

## INTRODUCTION

Plaintiff Amanda Cottle ("Plaintiff"), individually and on behalf of all others similarly situated, files this Collective Action Complaint and Jury Demand against Defendant, Papa Murphy's Company Stores, Inc. ("Defendant" or "Papa Murphy's") seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA") on behalf of Plaintiff and all current and former overtime exempt-classified Store Managers ("SMs") who worked at any of Defendant's locations in the United States. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and other current and former SMs who will opt into this action pursuant to the FLSA that they are entitled to: (i) unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) liquidated damages under the FLSA, and (iii) reasonable attorneys' fees and costs of this action.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to pursuant to 29 U.S.C. § 216(b).

3. Defendant is subject to personal jurisdiction in the Middle District of Florida.

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant is a covered employer within the meaning of the FLSA, with gross revenues exceeding $500,000.00 for all relevant times.

## THE PARTIES

**I.** *Plaintiff*

6. Plaintiff is an adult individual residing in Jacksonville, Florida.

7. Plaintiff was employed by Defendant as an SM from on or about May 2014 until on or about December 2017, at a Papa Murphy's location in Jacksonville, Florida.

8. Plaintiff's written consent to join this action is attached hereto as Exhibit "A".

**II.** *Defendant*

9. Defendant is a publicly traded corporation, incorporated in Washington, with its corporate headquarters in Vancouver, Washington.

10. Defendant does business under the name "Papa Murphy's Take 'N' Bake Pizza" and operates over 145 corporate locations throughout the United States.

11. In addition, Defendant has over 1300 franchised Papa Murphy's Take 'N' Bake Pizza locations.

12. Defendant employs/employed Plaintiff and other similarly situated current and former SMs at its Papa Murphy's Take 'N' Bake Pizza locations.

13. At all times relevant, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times relevant, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all times relevant, Defendant was/is an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

16. Defendant has a gross volume of sales made or business done of not less than $500,000.00.

17. At all times relevant, Plaintiff and all similarly situated SMs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

18. Defendant issued paychecks to Plaintiff and all similarly situated SMs during their employment.

19. Defendant directed the work of Plaintiff and similarly situated SMs, and directly benefited, suffered or permitted the work they performed.

20. Plaintiff and similarly situated SMs worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by the FLSA.

21. Pursuant to Defendant's policy and pattern or practice, Defendant did not pay Plaintiff and other similarly situated SMs proper overtime wages for hours they worked for its benefit in excess of forty (40) hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

22. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant at its Papa Murphy's locations as SMs, as well as other similarly situated current and former employees Company Stores comparable positions but different titles, at any time from three years prior to the filing of this Collective Action Complaint to the entry of judgment in this case (the "Putative SM Collective").

23. Defendant is liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiff and the members of the Putative SM Collective.

24. There are numerous similarly situated current and former SMs (and other employees Company Stores comparable positions, but different titles) who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Putative SM Collective pursuant to 29 U.S.C. § 216(b).

25. Similarly situated employees are known to Defendant, readily identifiable and can be located though Defendant's records.

26. Plaintiff and the members of the Putative SM Collective, all of whom regularly worked more than forty (40) hours in a workweek, were employed as SMs by Defendant at their Papa Murphy's locations.

27. Defendant failed to pay Plaintiff and the members of the Putative SM Collective overtime compensation for the hours they worked over forty (40) in a workweek.

28. Defendant failed to keep accurate records of all hours worked by Plaintiff and the members of the Putative SM Collective.

29. Throughout the relevant period, it has been Defendant's policy, pattern, or practice to require, suffer, or permit Plaintiff and the members of the Putative SM Collective to work in excess of forty (40) hours per workweek without paying them overtime wages for all overtime hours worked.

30. Defendant assigned the work that Plaintiff and the members of the Putative SM Collective have performed or Defendant was aware of the work they performed.

31. The work performed by Plaintiff and the members of the Putative SM Collective constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimus*.

32. Defendant intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiff and the members of the Putative SM Collective. This policy, pattern or practice was authorized, established, promulgated, and/or ratified by Defendant's corporate headquarters. This policy, pattern or practice includes but is not limited to:

  a. willfully failing to record all of the time Plaintiff and the members of the Putative SM Collective have worked for the benefit of Defendant;

  b. willfully failing to keep accurate time records as required by the FLSA;

      c.      willfully failing to credit Plaintiff and the members of the Putative SM Collective for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

      d.      willfully failing to pay Plaintiff and the members of the Putative SM Collective wages for all hours worked including overtime wages for hours in excess of forty (40) hours per workweek.

33. Defendant is aware, or should have been aware, that the FLSA requires them to pay Plaintiff and the members of the Putative SM Collective an overtime premium for hours worked in excess of forty (40) hours per workweek.

## PLAINTIFF'S WAGE AND HOUR ALLEGATIONS

34. Consistent with Defendant's policy, pattern or practice, Plaintiff and the members of the Putative SM Collective regularly worked in excess of forty (40) hours per workweek without being paid overtime wages.

35. All members of the Putative SM Collective primarily performed the same or substantially similar job duties.

36. The primary duties that Plaintiff and the other SMs regularly performed include, but are not limited to:

      a.      customer service;

      b.      counting food inventory;

      c.      cooking;

      d.      unloading trucks; and

      e.      cleaning the restaurant.

37. Plaintiff's and the other SMs' primary job duties did not include:

      a.    hiring

      b.    firing;

      c.    setting rates of pay;

      d.    scheduling; or

      e.    disciplining other employees.

38. Plaintiff's and the other SMs' primary duties did not differ substantially from the duties of non-exempt hourly paid employees.

39. Plaintiff and the other SMs did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

40. Plaintiff's and the other SMs' primary duties were customer service related. Customer service occupied the majority of the Plaintiff's and the other SMs' working hours.

41. Pursuant to a centralized, company-wide policy, pattern, and practice, Defendant classified all SMs as exempt from coverage of the overtime provisions of the FLSA and applicable state laws.

42. Defendant did not perform a person-by-person analysis of every SM's job duties when making the decision to classify all of them, and other employees Company Stores comparable positions but different titles, as exempt from the FLSA's overtime protections, as well as the protections of applicable state laws.

43. Upon information and belief, Defendant's unlawful conduct described in this Collective Action Complaint is pursuant to a corporate policy or practice which minimizes labor costs by violating the FLSA.

44. Defendant's failure to pay overtime wages for work performed by the Putative FLSA Collective in excess of forty (40) hours per workweek was willful.

7

45. Defendant's unlawful conduct has been widespread, repeated and consistent.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act: Unpaid Overtime Wages
**(On behalf of Plaintiff and the Putative SM Collective)**

46. Plaintiff and the members of the Putative SM Collective, reallege and incorporate by reference paragraphs 1 to 45 as if they were set forth again herein.

47. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint.

48. Plaintiff and the members of the Putative SM Collective have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

49. At all relevant times, Plaintiff and the members of the Putative SM Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

50. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq.* apply to Defendant.

51. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

52. At all times relevant, Plaintiff and the members of the Putative SM Collective were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

53. Defendant failed to pay Plaintiff and other similarly situated members of the Putative SM Collective the overtime wages to which they were entitled under the FLSA.

54. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been intentional and willful. Defendant has not made a good faith effort to

comply with the FLSA with respect to the compensation of Plaintiff and other similarly situated members of the Putative SM Collective.

55. Defendant's violations of the FLSA have been willful and as such a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

56. As a result of the Defendant's violations of the FLSA, Plaintiff and all other similarly situated members of the Putative SM Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

57. As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated members of the Putative SM Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated members of the Putative SM Collective, prays for the following relief:

A. At the earliest possible time, Plaintiff be allowed to give notice of this collective action, or the Court issue such notice, informing all similarly situated SMs of the nature of this action and of their right to join this lawsuit;

B. Certification of the Putative SM Collective;

C. Designation of Plaintiff as representative of the Putative SM Collective, and counsel of record as Class Counsel;

D. Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201, *et seq.* and the supporting United States Department of Labor regulations and the

employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

  E. Pre-judgment interest and post-judgment interest, as provided by law;

  F. Attorneys' fees and costs of the action, including expert fees; and

  G. Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Putative SM Collective, demand a trial by jury on all questions of fact raised by this Collective Action Complaint.

Dated: January 8, 2019
  Boca Raton, Florida    Respectfully submitted,

              _____
               Gregg I. Shavitz
               E-mail: gshavitz@shavitzlaw.com
               Logan A. Pardell
               E-mail: lpardell@shavitzlaw.com
               **SHAVITZ LAW GROUP, P.A.**
               951 Yamato Road, Suite 285
               Boca Raton, FL 33431
               Telephone: (561) 447-8888
               Facsimile: (561) 447-8831

               Michael J. Palitz
               SHAVITZ LAW GROUP, P.A.
               800 3rd Avenue, Suite 2800
               New York, New York 10022
               Tel: (800) 616-4000
               Fax: (561) 447-8831

               Richard Celler
               Email: Richard@floridaovertimelawyer.com
               **CELLER LEGAL, P.A.**
               7450 Griffin Road, Suite 230
               Davie, Florida 33314

*Attorneys for Plaintiff and the Putative SM Collective*

11

# EXHIBIT A

## CONSENT TO JOIN FORM

     1.    I consent to be a party plaintiff in a lawsuit against Defendant(s), Papa Murphy's, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

     2.    I hereby designate the Shavitz Law Group, P.A. and Richard Celler Legal, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

     3.    I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

*DocuSigned by:*
*Amanda Cottle*
902F93DEFAE54C5...

AMANDA COTTLE

Print Name

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
AMANDA COTTLE, Individually and on behalf of all others similarly situated

**DEFENDANTS**
PAPA MURPHY'S COMPANY STORES, INC., a foreign Corporation

**(b)** County of Residence of First Listed Plaintiff: Jacksonville, Florida
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Jacksonville, Florida
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Shavitz Law Group, P.A.
951 Yamato Road, Suite 285
Boca Raton, FL 33431

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 201

Brief description of cause:
Failure to pay overtime wages

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 01/07/2019
SIGNATURE OF ATTORNEY OF RECORD: /s/ Gregg I Shavitz

**FOR OFFICE USE ONLY**

RECEIPT #           AMOUNT           APPLYING IFP           JUDGE           MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | |
|---|---|
| AMANDA COTTLE, Individually and on behalf of all others similarly situated <br><br> *Plaintiff(s)* <br><br> v. <br><br> PAPA MURPHY'S COMPANY STORES, INC., a foreign Corporation <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* PAPA MURPHY'S COMPANY STORES, INC., a foreign Corporation
By serving Registered Agent
CORPORATION SERVICE COMPANY
300 DESCHUTES WAY SW STE 304
TUMWATER, WA, 98501

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Gregg I. Shavitz, Esq.
SHAVITZ LAW GROUP, P.A.
951 Yamata Rd., Suite 285
Boca Raton, Florida 33431

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                                                         _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# General Information

| | |
|---|---|
| **Case Name** | Cottle v. Papa Murphy's Company Stores, Inc. |
| **Court** | U.S. District Court for the Middle District of Florida |
| **Date Filed** | Tue Jan 08 00:00:00 EST 2019 |
| **Judge(s)** | Harvey Edwin Schlesinger |
| **Federal Nature of Suit** | Labor: Fair Labor Standards Act [710] |
| **Docket Number** | 3:19-cv-00045 |
| **Status** | Closed |
| **Parties** | Amanda Cottle; Papa Murphy's Company Stores, Inc. |